UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, -v- VICTOR SMAJLAJ, Defendant. | : | 26-CR-00179 (JAV) ORDER |

JEANNETTE A. VARGAS, United States District Judge:

The Government moves the Court to enter a No-Contact Order "preventing Defendant Viktor Smajlaj from contacting and encouraging others to contact" the victim referenced in the indictment in this case, her mother, or her sister. *See* ECF Nos. 1 ("the Indictment"), 14, 18-1. The Court held a conference on August 27, 2026, to address the Government's motion and ordered supplemental briefing addressing the Court's authority to issue the requested order. *See* ECF No. 19. Upon due consideration, the Government's motion is **GRANTED IN PART AND DENIED IN PART.**

District Courts possess "inherent power" that is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962)). That inherent authority includes "broad powers" both "to ensure the orderly and expeditious progress of a trial" and "to protect the administration of justice from abuses, oppression and injustice." *Wheeler v. United States*, 640 F.2d 1116, 1123 (9th Cir. 1981) (quoting *Bitter v. United States*, 389 U.S. 15, 16 (1976)) (internal quotation marks omitted); *accord United States v. Morris*, 259 F.3d 894, 900 (7th Cir.

2001). Although a court must "proceed with caution" when deciding whether to exercise its inherent powers, *Morris*, 259 F.3d at 900, courts across the country have repeatedly used those powers "to protect witnesses" in pending criminal cases, *Wheeler*, 640 F.2d at 1123 (collecting cases); *see, e.g.*, *United States v. Turner*, 2024 WL 4700650, at *9, *12 (W.D. Va. Nov. 6, 2024) (issuing a pretrial no-contact order and citing *United States v. Herrera*, 2023 WL 2528288, at *3 (D. Iowa Mar. 15, 2023), and *United States v. Potter*, 2020 WL 6081894, at *3 (D.V.I. Oct. 15, 2020)). An action taken under inherent authority must be a "'reasonable response to the problems and needs' confronting the court's fair administration of justice." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Degen v. United States*, 517 U.S. 820, 823-24 (1996)).

Smajlaj is alleged to have, *inter alia*, harassed, stalked, assaulted, and intimidated the victim in this case; to have kidnapped her when she was a minor; to have coerced her to engage in unlawful sexual conduct; and to have threatened physical violence against her mother. *See* ECF No. 1. He is alleged to have repeatedly broken a state protective order preventing contact with her. *See* ECF No. 18 at 3. Perhaps most pertinent to the disposition of this order, he is also alleged to have provided a third-party with the victim's phone number over a recorded jail line after he was remanded to pretrial detention and encouraged that third-party to contact the victim to discourage her from cooperating with the government. *See United States v. Beshiri*, No. 1:26-mj-3470 (S.D.N.Y.), ECF No. 1. In support of this motion, the Government also contends that Smajlaj threatened, intimidated, and communicated with the victim's mother and sister in furtherance of the stalking allegations in Count One of the Indictment. ECF No. 18 at 3.

Although the Second Circuit has yet to consider this issue, the Seventh Circuit considered the propriety of a no-contact order in a somewhat analogous pretrial context in *United States v. Morris*, 259 F.3d 894 (7th Cir. 2001). In that case, the defendant pleaded guilty to traveling in

interstate commerce with the intent to engage in a sexual act with a juvenile, and the court entered a no-contact order prohibiting him from contacting his victim and her family because he had "persisted in contacting his victim by calling her home, asking his friends to relay messages to her, and writing her a letter." *Morris*, 259 F.3d at 897. The Seventh Circuit noted that the order should be analyzed as being in a pretrial context because the defendant wanted to withdraw his plea, which, in turn, created the possibility of a future trial. *Id.* at 901. In that posture, the Seventh Circuit concluded that although no-contact orders should only be used in "rare and compelling circumstances," *id.*, the court's broad powers to "protect the administration of justice from 'abuses, oppression and injustice'" militated toward the entering a no-contact order in a case with a vulnerable minor victim who, along with her family, was particularly susceptible to becoming a reluctant witness at trial. *Id.* at 901; *see also Wheeler*, 640 F.2d at 1123-24 ("By protecting the witness after trial, the court is encouraging that witness, and other potential witnesses, to come forward and provide information helpful to the implementation of justice."). As in *Morris*, the Court finds here that a no-contact order is warranted "not to punish [Smajlaj], but to protect his victim and her family from further harassment[] and reduce the possibility of creating a reluctant witness." *Id.* at 901.

Accordingly, Defendant Viktor Smajlaj is hereby **ORDERED** to stay away from and to refrain from communication or other contact by mail, telephone, e-mail, voicemail, or other electronic or non-electronic means with the victim referenced in the Government's indictment in this case, as well as the victim's mother or sister. *See* ECF No. 14.

It is further ORDERED that Viktor Smajlaj shall not encourage, willfully cause, or otherwise aid or abet anyone to engage in conduct that would violate this Order;

This order will **EXPIRE** upon the entry of judgment with respect to the Defendant in this

case and shall not be construed to restrict in any manner any communications between the Defendant and his counsel.

SO ORDERED.

Dated: September 4, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge